LOCUST MOUNTAIN COAL & IRON CO. (BRETTAUGH v.). See Case No. 1.846.

LODEMIA, The (HOLMES v.). See Case No. 6,642.

---

## Case No. 8,455.

In re LODER et al.

[3 Ben. 211:[1] 2 N. B. R. 517 (Quarto. 162); 2 Am. Law T. 106; 1 Am. Law T. Rep. Bankr. 159.]

District Court, S. D. New York. April 23, 1869.

REGISTER'S FEES AS ASSIGNEE.

Where bankrupts surrendered their property to a register, and thereafter, by order of the bankruptcy court, custodians were appointed and were directed to sell certain goods at retail, paying over the proceeds to the register daily, which was done during twenty-five days. in which time $15,000 was so received by the register: *Held*, that. the register was entitled to be paid $5 a day. under section 47 of the bankruptcy act [of 1867 (14 Stat. 540)]. and the percentage on the $15,000 allowed to assignees by section 28.

[Cited in Williams v. Merritt, 103 Mass. 187.]

In this case, a register in bankruptcy applied to the court, on petition, stating that, the bankrupts [Loder Brothers] having surrendered all their property to him, on his application two custodians were appointed to take possession of and sell certain goods at retail, paying over to him all proceeds of sales; that the custodians had, during twenty-five days, paid over to him $15,000, which he had deposited, from time to time; and that he had drawn checks for the payment of expenses and otherwise for the carrying

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

on of the business. On this petition the register applied to the court to fix his compensation.

By I. T. WILLIAMS, Register:

[The petition of Isaiah T. Williams, one of the registers of this court, to whom was referred the above entitled case, respectfully shows unto this court, that he is in doubt as to the items and amount of fees to which he is entitled as such register. He, therefore, in pursuance of the rules and practice of this honorable court, submits the following facts, and craves the advice and judgment of the court: The bankrupts, on the 19th day of March, 1869, surrendered all their property and assets to the register, who thereupon certified the case to the court, requesting the appointment of two custodians of said property (the same amounting, as it is said, to several hundred thousand dollars), with directions to take possession of and sell certain goods at retail over the counter, for cash or otherwise, to act in the premises as such custodians under the direction of the register, handing over to him daily all sums received by them, to be by him deposited to his credit as such register. That such order was made by this court, and that he has ever since, under such order, acted, for and over twenty-five days, and has received upwards of fifteen thousand dollars for sales of property, and deposited the same from time to time, and has drawn checks for the payment of expenses and otherwise for the carrying on of the business. That the duties so devolved upon the register have been of a very responsible character, occupying a considerable portion of his time. That the compensation of five dollars per day, allowed by the act for register's fees, under a special order, together with the percentage allowed to an assignee by the act, will not compensate him for the labor actually performed, to say nothing of the responsibility thus devolved upon him. What the register is in doubt about is, his right to charge the percentage described in the act as the compensation of an assignee for similar services. The language of the section is that "the assignee shall be entitled to," &c. But who is the assignee? Clearly any one who obtains title with the actual possession (as in this case by surrender to the register), who afterwards assigns the estate to a successor when chosen or appointed. There may be two assignees, the one after the other, and each entitled to his percentage. I do not see why the register is not just as much entitled to it as any assignee he could appoint. If he cannot get compensation for this service, it should not be devolved upon him. It is devolved upon him by construction of the act. He should be paid, then, by a similar construction. Respectfully submitted.][2]

---

[2] [From 2 N. B. R. 517 (Quarto, 162).]

BLATCHFORD, District Judge. I allow to the register, in the above matter, a compensation of $5 per day, for the twenty-five days, under section 47, for his employment under the special order, as custodian of the surrendered property, as register. As a further compensation, in respect of the $15,000 realized by him from the sales of goods, I allow to him, for the custody of that money, $250, that sum being arrived at by computing, on the $15,000, the rate of percentage allowed to assignees by section 28, on moneys received and paid out by them. An order will be entered accordingly, the whole sum, $375, to be payable out of the assets of the estate.

[This case was again heard upon the certificate of the register as to the proof of a debt. Case No. 8,456.]